UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | Case No. 1:17-cv-281 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| NAPLES MARIETTA VENTURE, LLC, | |
| Defendant. | |

**ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT (Doc. 13)**

This civil action is before the Court on Plaintiff's motion for default judgment. (Doc. 13). Defendant did not respond.

### I. PROCEDURAL HISTORY

Plaintiff filed a Complaint on April 27, 2017. (Doc. 1). Defendant was served with a copy of the summons and complaint on May 12, 2017. (Doc. 5). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), Defendant was required to file and serve his answer no later than June 2, 2017. To date, no responsive pleading has been filed or served. On June 13, 2017, the Clerk properly entered default. (Doc. 11). Subsequently, Plaintiff filed the instant motion for default judgment. (Doc. 13).

### II. FACTUAL BACKGROUND

Plaintiff is the successor in assignment to a $1,732,500.00 loan made to Defendant on or about October 20, 2006. The loan was secured by assigning the original lender a mortgage on real property located at 107 Industry Road, Marietta, Ohio 45750. (Doc. 1-2). The original lender was also provided a security interest in the personal property of

Defendant, along with other items and things as fully described in a properly recorded UCC financing statement that has been entered into the record. (Doc. 1-4). Defendant also provided the original lender a security interest in all income and proceeds generated from the mortgaged property.

Defendant has defaulted on its obligations under the terms of the loan agreement. The terms of the agreement stipulate that the entire unpaid amount remaining on the loan became due and payable on the loan maturity date of November 1, 2016. (Doc. 13-2, at 3). As of April 7, 2017, $1,465,609.99 of the principal is unpaid and due. (Doc. 13-1, at 2). Adding interest and fees, Defendant's total obligation stood at $1,496,330.45 as of April 7, 2017. (*Id.*). The terms of the agreement set interest on the loan at 5.850% per annum and an additional default interest rate of 5% per annum; accordingly, Defendant's obligation under the agreement is increasing at a rate of $441.22 per diem ($238.16 per diem based on the standard interest rate and $203.06 per diem based on the default interest rate). (*Id.*).

### III. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09cv298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

2

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enter.*, No. 2:07cv990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## IV. ANALYSIS

Defendant having defaulted, the factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). To ascertain an uncertain sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12cv962, 2012 U.S. Dist. LEXIS 116166, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 206-cv-487, 2007 U.S. Dist. LEXIS 3118, at *2 (S.D. Ohio Jan. 16, 2007).

Plaintiff has incurred $1,465,609.99 in damages under the loan agreement as of April 7, 2017. (Doc. 13-1, at 2). Although Plaintiff may be entitled to attorney's fees and litigation fees as a result of Defendant's default, the Court lacks sufficient

information to award any such fees at this time. Plaintiff may make a further motion for additional fees containing proper evidentiary support.

Therefore, as established by the facts set forth in the Complaint, as well as by affidavit, Plaintiff is entitled to damages against the Defendant in the amount of $1,465,609.99, plus interest as established under the agreement.

V. **CONCLUSION**

Accordingly, for these reasons, Plaintiff's motion for default judgment (Doc. 13) is **GRANTED**. The Clerk shall enter Judgment by default in accordance with Rule 55(b)(1) of the Federal Rules of Civil Procedure, in favor of Plaintiff, U.S. Bank National Association, and against Defendant, Naples Marietta Venture, LLC, as follows:

1) Fixing the amount due under the Note and the Mortgage as of April 7, 2017 at $1,496,330.45, together with continuing per diem interest from and after April 8, 2017 at the regular rate of $238.16 per day and at the default rate of $203.56 per day until the Mortgaged Property, as defined below, is sold at foreclosure sale, together with any and all other amounts advanced by Plaintiff during the pendency of this action, together with attorneys' fees and costs incurred by Plaintiff in connection with this action and the matters at issue therein; and

2) Foreclosing all right, title, lien and equity of redemption which said Defendant and all those claiming by, through or under it have or had in the real estate located at 107 Industry Road, Marietta, Ohio 45750 (Parcel Nos. 24-40853.000; 24-40858.000; 24-40858.742; 24-42415.000; 24-42416.000; 24-42622.000), as more fully described in Exhibit A hereto (the "Mortgaged Premises"), together with the personalty, fixtures, furniture and other items and things pledged as collateral for the loan (the "Loan") at issue in this action, all as more specifically and fully identified in the Open-End Mortgage and Absolute Assignment of Rents and Leases and Security Agreement (and Fixture Filing), and UCC Financing Statements at issue in this action (collectively, with the Mortgaged Premises, the "Mortgaged Property"), and ordering that the Mortgaged Property be sold at a public foreclosure sale pursuant to 28 U.S.C. § 2001 et seq. by the United States Marshal or a receiver appointed by this Court, on such terms and conditions as shall be advertised.

**IT IS SO ORDERED.**

Date: August 17, 2017	*s/Timothy S. Black*
Timothy S. Black
United States District Judge